**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, etc., Plaintiff–Appellee,**

**v.**

**EASTERN AIR LINES, INC., a corporation, Defendant–Appellant.**

No. 79–2055.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1980.

William G. Bell, Jr., Miami, Fla., for defendant–appellant.

Seth D. Rosen, Washington, D.C., Patrick A. Brennaman, Minneapolis, Minn., for plaintiff–appellee.

Before HENDERSON, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Eastern Air Lines, Inc. (Eastern) appeals a summary judgment vacating in part and remanding a decision by a System Board of Adjustment (Board) in this proceeding initiated by the Air Line Pilots Association, International (ALPA) on behalf of one of its member pilots, M. A. Aponte. Concluding that the findings and order of the Board in this instance are final and not subject to judicial review, we reverse the district court and reinstate the decision of the Board.

In 1973, Eastern acquired the assets and route structure of Caribbean Atlantic Airlines, Inc. (Caribair) by whom Aponte had been employed as a pilot for 27 years. Eastern and ALPA executed an Integration Agreement to provide an orderly procedure for phasing Caribair pilots into the Eastern system. Pursuant to this agreement Aponte was trained on Boeing 727 and DC–9 aircraft. In February 1974, Aponte was terminated by Eastern for failing to satisfy the proficiency requirements of an Eastern Captain.

ALPA and Aponte provoked an arbitration hearing before the Board pursuant to the provisions of the Railway Labor Act, 45 U.S.C. §§ 151–188, as amended, which applies to the airline industry. The Board found Eastern's training program to be inadequate for Aponte's particular needs and ordered that Aponte be reinstated for the purpose of receiving specific additional training. Provisions for back pay or reinstatement of seniority rights were not included in the Board's order. Furthermore, the Board's order provided that if, after additional training, Eastern made a good faith judgment that Aponte still "failed to meet the Company standards for flight proficiency, then the termination ... shall become final and binding." The arbitration was subject to being reopened on the issue of bad faith performance by Eastern in its training and evaluation process.

Eastern provided Aponte with additional training, but in January 1976 he again was terminated for inadequate pilot proficiency. ALPA filed the instant complaint seeking a judgment vacating the Board's arbitration award, alleging that the award was "improper, arbitrary, without basis in law or fact, in excess of the System Board's juris-

diction and contrary to the provisions of the Railway Labor Act." After the court denied Eastern's motion to dismiss, both parties sought summary judgment. The court vacated part of the order on the ground that the Board had exceeded its jurisdiction when it limited Aponte's right to appeal his termination after the additional training. The district court remanded for a Board determination of whether Aponte was "exonerated" by the order and thus entitled to certain benefits not included in the award. Eastern appeals the judgment of the district court.

### Standard of Review

■ The range of judicial review in cases arising under the Railway Labor Act is "among the narrowest known to the law." *Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228, 233 (5th Cir. 1970). The findings and order of an Adjustment Board are final and conclusive and subject to very limited review. An order may be set aside or remanded on one of three grounds as set forth in 45 U.S.C. § 153(q): (i) failure of the [Board] to comply with the requirements of [the Act]; (ii) failure of the order to conform, or confine itself, to matters within the scope of the [Board's] jurisdiction; or (iii) fraud or corruption by a member of the [Board] making the order. We again recently recognized the limited standard of review of arbitration awards in *Johns–Manville Sales v. Intern. Ass'n of Machinists*, 621 F.2d 756, 758 (5th Cir. 1980): "An award must be enforced, without judicial review of the evidence, if it draws its essence from the col-

lective bargaining agreement," a recognition that national policy encourages the settlement of labor–management disputes by arbitration. Our review of the instant arbitration award proceeds on this basis.[1]

### Exoneration

The Board did not specifically exonerate Aponte of fault nor did the award mention, except in the dissent, the benefits which would accrue to one who has been exonerated.[2] The court took note that the Board did not find Aponte at fault and obviously was impressed that the order *appeared* to exonerate Aponte. Recognizing the Board's priming responsibility, however, the court was reluctant to read into the order more than may have been intended and remanded to the Board so that it might speak definitively on the issue of exoneration.

■ We hold that the district court was without authority to evaluate the Board's decision on the merits. Likewise it was not free to remand because the order was viewed as ambiguous. Such action clearly lies outside of the limited range of review granted statutorily or flowing from overriding constitutional considerations. That the Board's decision contains no clear expression of why Aponte would be reinstated for the additional training without a full exoneration with accompanying benefits, is not a fatal omission. "Arbitrators . . . 'have no obligation to the Court to give their reasons for an award.'" *Eastern Air Lines v. Transport Wkrs. U., AFL–CIO*, 580 F.2d 169, 173 (5th Cir. 1978), *citing Steelworkers v. Enterprise Corp.*, 363 U.S. 593,

---

1. In *Brotherhood of Railroad Trainmen v. Central of Ga. Ry. Co.*, 415 F.2d 403, 411 (5th Cir. 1969), we recognized that: "In the arbitration context, an award 'without foundation in reason or fact' is equated with an award that exceeds the authority or jurisdiction on the arbitrating body." In *Hall v. Eastern Air Lines, Inc.*, 511 F.2d 663 (5th Cir. 1975), we observed: "In general the Board's decision on the merits is final and not subject to review . . . . However, review is not absolutely foreclosed where petitioner alleges a denial of fundamental due process."

2. Section 29.C.3 of the Collective Bargaining Agreement provides:

   [I]f as a result of any hearing or appeal therefrom . . . a pilot is exonerated he shall, if he has been held out of service or restricted, be reinstated without loss of seniority and shall be paid for such time and benefits lost in an amount which he would have ordinarily earned and retained had he been continued in service during such period.

80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Furthermore, "mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." *Steelworkers*, 363 U.S. at 598, 80 S.Ct. at 1361. The Supreme Court has recognized the need for flexibility in the formulation of arbitration remedies. As long as the award is essentially drawn from the agreement, it is valid and effectively etched in stone. *Johns–Manville, supra.* A wide variety of situations may arise, many of which may never have been considered by the draftsmen of the bargaining agreement. The instant case is an example of just such a situation. The training program had its faults; Aponte had his share of inadequacies. Faced with this setting, the Board fashioned a remedy which it considered appropriate: reinstatement without full benefits. There can be no doubt that the Board acted within the ambit of its authority. Consequently, we may look no further.

### The Limited Second Hearing

■ Not only was additional training ordered by the Board, but the order further provided that if, after the training, Eastern still concluded in good faith that Aponte was not qualified, he might be terminated. This termination was subject to a limited review of whether Eastern acted in good faith. ALPA objected to this limited subsequent review, and succeeded in convincing the court that the Board exceeded its jurisdiction in imposing this limitation. We disagree. The question is whether the right to a hearing, as guaranteed by the Railway Labor Act and the Integration Agreement, encompasses a full second hearing between the same parties dealing with the same issue, namely, termination because of incompetency. Answering that question in the negative, we must conclude that the Board acted within its jurisdiction. There is no complaint about the scope or conduct of the first hearing. Aponte had an opportunity to raise any and all issues. There is no suggestion of procedural transgressions, nor is there any suggestion that the Board refused to hear relevant, material evidence. That the Board provided for only a limited scope of re–examination as part of its remedy, does not taint its order.

The district court noted that Aponte may have wanted to challenge the adequacy of the additional training, but was denied the opportunity by the Board's limitation on the second hearing. We cannot accept this interpretation. The Board's decision included a discussion of the deficiencies in the training Aponte received, labeled the procedures inadequate, and ordered Eastern to provide specific training, oriented for him. If the additional procedures were alleged and proven again to be inadequate, Eastern would not have complied with the Board's order. In that instance, it could hardly be seriously contended that Eastern had acted in good faith. By failing to improve their procedures, Eastern would be acting contrary to specific orders of the Board that it make "a bona fide, good faith effort" to correct Aponte's deficiencies. To accept the suggestion that the Board would refuse to review a complaint that Eastern had failed to conform to its order would be to impugn the integrity and good faith of the Board. We decline to do that.

■ The final issue raised on appeal is whether the Board exceeded its jurisdiction by improperly delegating its decision on final termination to Eastern. The contention is that the Board could not condition the finality of the termination on the good faith judgment of Eastern's training department personnel. Both parties refer to *Hodges v. Atlantic Coast Line R.R.*, 310 F.2d 438 (5th Cir. 1962), as supportive of their position. In *Hodges*, the Adjustment Board deferred to a panel of physicians for the final decision of whether *Hodges* was physically qualified for employment. In reversing the Board we approved of utilizing medical experts on the question of physical fitness, but we did not approve of commit-

ting to them the ultimate decision involving the legal significance of their reports. Unlike *Hodges*, where the Board did not reserve jurisdiction, in the case now before us the Board retained jurisdiction on the ultimate issue of termination by reserving authority over Eastern's performance. By retaining jurisdiction the Board has kept the final decision in its hands, thus avoiding the charge of improper delegation of its responsibility.

The decision of the district court is REVERSED and the order of the System Board of Adjustment is reinstated.