Suzanne RICHEY, Plaintiff,

v.

HAWAIIAN AIRLINES, INC., d/b/a
Hawaiian Air Cargo, Defendant.

No. 80–229–MAC.

United States District Court,
M. D. Georgia,
Macon Division.

Feb. 18, 1982.

Gerald Mullis, Macon, Ga., for plaintiff.

H. Randolph Aderhold, Jr., Macon, Ga., Bonnie Kathleen Gibson, Oakland, Cal., for defendant.

OWENS, Chief Judge:

The above-styled action is presently before the court on cross motions for summary judgment. Plaintiff, Suzanne Richey, is challenging the remedy afforded her by an arbitration board established pursuant to a bargaining agreement existing between the union, of which she is a member, and defendant Hawaiian Airlines, Inc., d/b/a Hawaiian Air Cargo. She contends that the System Board of Adjustment (the Board) exceeded its jurisdiction under the bargaining agreement when it ordered defendant to reinstate her but did not find her entitled to back pay, and claims entitlement to $7,832.72 as a result. This amount includes lost wages, lost unemployment benefits and the loss of $1,750.00 due to the forced sale of a pickup truck during the time she was out of work. Defendant responds that this court lacks jurisdiction to consider plaintiff's claim, that the complaint—filed some nine months after the Board's award—is untimely and thus barred, and/or that the Board clearly had the authority to make the award which it did and should therefore be upheld.

The factual background for this dispute is as follows:

Plaintiff was employed as a receptionist by defendant commencing in December, 1978. On July 19, 1979, she was suspended without pay for leaving work without permission. On July 25, 1979, following a termination hearing required by the collective bargaining agreement, she was discharged. Pursuant to the labor agreement in effect between plaintiff's union and defendant, a grievance challenging the termination was filed, processed in accordance with the contractual grievance procedure, and ultimately submitted to the System Board of Adjustment. A hearing was held on October 30, 1979, before the Board, a three-member panel consisting of representatives from defendant and from the union, as well as Arbitrator Earl Williams, selected by the parties to serve as the neutral member. The specific issue presented to the Board for resolution was: "Was there just cause for the discharge of the Grievant? If not, what is the appropriate remedy?" The grievant was present and represented by the union. On November 17, 1979, the neutral arbitrator rendered his decision that under all the circumstances of the case, although discharge was an excessive penalty, plaintiff was guilty of misconduct and should therefore be reinstated without backpay. In essence, the neutral arbitrator converted plaintiff's termination to a suspension without loss of seniority. The claim for backpay was discussed in the decision of the Board and was explicitly rejected. Defendant complied in full with the Board's award and order, and reinstated plaintiff to her position as a receptionist.

In her complaint, plaintiff prays for relief solely on the ground that her discharge was unjust under the terms of the collective bargaining agreement existing between the union and defendant. She asserts entitlement under Section XV–H of the agreement to the backpay specifically denied her by the decision of the Board. This section states:

"H. If as a result of any hearing or appeals therefrom it is found the suspension or discharge was not justified, the employee shall be reinstated without loss of seniority and made whole for any loss of pay he suffered by reason of his suspension or discharge, and his personnel records shall be corrected and cleared of such charge. If a suspension rather than discharge results, the employee shall have that time he has been held out of service without pay credited against his period of suspension. In determining the amount of back wages due an employee who is reinstated as a result of the procedures outlined in this Supplemental agreement, the maximum liability of the Company shall be limited to the amount of normal wages he would have earned in the service of the Company had he not been discharged or suspended."

The employment relationship between plaintiff and defendant is governed by Title II of the Railway Labor Act, 45 U.S.C.A. § 181 et seq. Section 204 of the Railway Labor Act, 45 U.S.C.A. § 184, requires the establishment of System Board of Adjustment in the airline industry for the purpose of resolving disputes arising out of the interpretation and application of collective bargaining agreements. (Article XVI of the bargaining agreement relevant to this case concerns such a System Board of Adjustment, and subsection "C" of that article grants to the board exclusive jurisdiction of disputes between employees covered by the bargaining agreement and the defendant company). However, the court finds it unnecessary to engage in a detailed analysis of the Railway Labor Act and the degree of interplay between Title II and other portions of that Act in order to determine the present issue. The Fifth Circuit has provided clear guidance as to the role district courts are to play in considering appeals from decisions of a System Board of Adjustment under the Act. Succinctly stated, this participation is to be "little or none."

As to the instant case, the court finds the decision of the court of appeals in *Air Line Pilots Association v. Eastern Air Lines, Inc.*, 632 F.2d 1321 (5th Cir. 1980) to be dispositive. In that case, plaintiff *Air Line Pilots Association* (ALPA) had requested and received an arbitration hearing on behalf of

one of its member pilots who had been terminated by defendant for failing to satisfy proficiency requirements. The System Board of Adjustment ordered the pilot reinstated for additional training followed by another evaluation, but did not include in its decision provisions for backpay or reinstatement of seniority rights. Eastern complied with the Board's order but, after additional training, the pilot still failed to meet the proficiency requirements.

ALPA filed a complaint in federal district court seeking a judgment vacating the Board's award, alleging that it was "improper, arbitrary, without basis in law or fact, in excess of the System Board's jurisdiction and contrary to the provisions of the Railway Labor Act." On cross motions for summary judgment, the court vacated part of the order on the ground that the Board had exceeded its jurisdiction, and remanded for further consideration by the Board. Eastern appealed this decision.

In reversing the lower court's decision, the court of appeals first considered the standard of review applicable to cases arising under the Railway Labor Act and found it to be "among the narrowest known to the law." 632 F.2d at 1323, *quoting Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228, 233 (5th Cir. 1970). It determined that an award must be enforced without judicial review of the evidence if it "draws its essence from the collective bargaining agreement," which evidences a "national policy [which] encourages the settlement of labor-management disputes by arbitration." *Id.* at 1323.

The court next determined that the district court's evaluation of the Board's decision on the merits was "clearly outside of the limited range of review granted statutorily or flowing from overriding constitutional considerations." *Id.* It found that an ambiguity in the Board's opinion, though perhaps permitting an inference that the arbitrator may have exceeded his authority, was not reason for refusing to enforce the award. *Id.* at 1324, citing *Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

Pertinent to the court's decision in the instant case is a comparison of the language of the bargaining agreement which the System Board of Adjustment in *Air Line Pilots* was said to have transgressed, and Section XV-H of the bargaining agreement quoted above. Section 29.C.3 of the Collective Bargaining Agreement in *Air Line Pilots* provided:

"[I]f as a result of any hearing or appeal therefrom ... a pilot is exonerated he shall, if he has been held out of service or restricted, be reinstated without loss of seniority *and shall be paid for such time and benefits lost in an amount which he would have ordinarily earned and retained had he been continued in service during such period.*" (emphasis added).

Despite the language of this provision, the pilot was reinstated *without* full benefits. In honoring this decision of the Board, the court of appeals stated:

"The Supreme Court has recognized the need for flexibility in the formulation of arbitration remedies. As long as the award is *essentially* drawn from the agreement, it is valid and effectively etched in stone. *Johns-Manville Sales v. Intern. Ass'n of Machinists*, 621 F.2d 756 (5th Cir. 1980). A wide variety of situations may arise, many of which may never have been considered by the draftsmen of the bargaining agreement. The instant case is an example of just such a situation. The training program had its faults; Aponte had his share of inadequacies. Faced with this setting, the Board fashioned a remedy which it considered appropriate: reinstatement without full benefits. There can be no doubt that the Board acted within the ambit of its authority. Consequently, we may look no further." Id. at 1324 (emphasis added).

As did the Board in *Air Line Pilots*, the Board in the instant case fashioned a remedy arguably at odds with language appearing in the bargaining agreement. However, it is obvious from the court of appeals' decision that such a remedy is legitimate and well within the parameters of the Board's authority. Consequently, this court

is without authority to evaluate the Board's decision, and thus "may look no further."

Even assuming that there is the authority to examine (and modify or reverse) the Board's decision, the court is persuaded that the nine-month lapse between the Board's decision and commencement of this action is an inexcusable delay, and thus this action would be time-barred. *See generally, United Transportation Union v. Florida East Coast Railway Co.*, 586 F.2d 520, 525 (5th Cir. 1978). *See also, United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and *Bakery, Confectionary & Tobacco International Union v. Keebler Co.*, unreported (M.D.Ga., filed June 17, 1980), Civil Action No. 79–267–MAC.

For the reasons stated above, this action is hereby DISMISSED in its entirety.