**Cheryl BARNEY, Plaintiff,**

v.

**NATIONAL AIRLINES, INC., a Florida Corporation, and Air Line Employees Association, International, an unincorporated association, Defendants.**

**No. 80–1901 Civ–WMH.**

United States District Court,
S. D. Florida,
Miami Division.

May 10, 1982.

Robbie M. Colaluca, Bailey & Dawes, Miami, Fla., for plaintiff.

John M. Barkett, Steel, Hector & Davis, John M. Brumbaugh, Floyd, Pearson, Stewart, Richman, Greer & Weil, P. A., Miami, Fla., for defendants.

## ORDER GRANTING FINAL SUMMARY JUDGMENT FOR NATIONAL AIRLINES, INC.

HOEVELER, District Judge.

THIS CAUSE has come before the Court on the motion of defendant National Airlines, Inc. (National) for summary judgment.

Plaintiff brought this action under the Railway Labor Act, 45 U.S.C. §§ 151–188. She alleges that on December 1, 1978, National wrongfully terminated her employment as a reservationist. She pursued her administrative remedies under the collective bargaining agreement between the Air Line Employees Association, International (ALEA) and National. On March 30, 1979, a System Board of Adjustment denied plaintiff's grievance.

In Count I of her complaint, plaintiff charges the ALEA with breach of the duty of fair representation and seeks back pay, future earnings, damage to her reputation, and punitive damages. In Count II plaintiff charges National with failure to comply with the collective bargaining agreement in wrongfully terminating her employment. She seeks back pay, and, in Count III, an injunction directing National to clear her record and reinstate her. Plaintiff also seeks damages and injunctive relief against National for breach of contract in Count IV, and both compensatory and punitive damages from the ALEA for tortious interference with a contractual relationship in Count V. In Count VI plaintiff alleges denial of due process and demands invalidation of the System Board's ruling against her, reinstatement, back pay, and restoration of full seniority rights.

National has moved for summary judgment on Counts II, III, and IV on the grounds that these counts against National fail to state a claim on which relief can be granted. On Count VI National seeks summary judgment as well.

In Counts II, III, and IV, plaintiff in effect asks this Court to review the merits of her grievance. A System Board of Adjustment established pursuant to the provisions of the Railway Labor Act heard plaintiff's grievance and denied it by a vote of four to zero. As this Court is well aware, "[t]he range of judicial review in cases arising under the Railway Labor Act is 'among the narrowest known to the law.' The findings and order of an Adjustment Board are final and conclusive and subject to very limited review." *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines*, 632 F.2d 1321, 1323 (5th Cir. 1980) [citations omitted]. The standards for review set forth in 45 U.S.C. § 153(q) provide that a System Board order may be set aside or remanded only for:

(i) failure of the [Board] to comply with the requirements of [the Act];

(ii) failure of the order to conform, or confine itself, to matters within the scope of the [Board's] jurisdiction; or

(iii) fraud or corruption by a member of the [Board] making the order.

632 F.2d at 1323. Review is also permissible where there was a denial of fundamental due process before the Systems Board. *Rosen v. Eastern Air Lines*, 400 F.2d 462, 463–64 (5th Cir. 1968).

▮ Plaintiff has not alleged that the Board failed either to comply with the Act or to confine itself to matters within its jurisdiction, or fraud or corruption on the part of a Board member. The merits of plaintiff's grievance are therefore not subject to review by a federal district court on any of these statutorily mandated grounds.

▮ Plaintiff also alleges a denial of due process in Count VI. The basis for plaintiff's charge is that her ALEA attorney did not develop the discussion of proper pre-termination procedures to her satisfaction at the hearing. In addition, one member of the Board missed one hour and 45 minutes of the hearing.

It is the opinion of this Court that such charges do not constitute a denial of fundamental due process. All of the elements of plaintiff's claim were submitted to the Board and raised at the hearing, plaintiff had notice of the hearing and testified at the hearing, and plaintiff had an opportunity to cross examine witnesses. The Court finds no denial of fundamental due process before the Board, noting that its reviewing authority does not extend to events occurring prior to the System Board proceedings. *Rosen v. Eastern Air Lines*, 400 F.2d at 464.

Absent a showing of denial of due process, the district court is without authority to evaluate the merits of a System Board decision, and National's motion for summary judgment must be granted. *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines*, 632 F.2d at 1323.

The Court has noted with interest plaintiff's argument that when a breach of the duty of fair representation occurs in a case brought under the Railway Labor Act, the bar of finality is removed from the decision of the administrative board. In addition, plaintiff argues, once the bar of finality is removed, the employer must be present before the reviewing court to enable the court to fashion appropriate relief, for if breach of the duty of fair representation and wrongful discharge can be shown, damages must be apportioned between the wrongdoers. Plaintiff relies upon *Curtis v. United Transportation Union*, 486 F.Supp. 966 (E.D.Ark., N.D.1980), *rev'd on other grounds*, 648 F.2d 492 (8th Cir. 1981), in which the court held that *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1975) can be applied to cases brought under the Railway Labor Act, and that in such cases, an employer is an indispensable party where complete relief cannot be granted in its absence. In *Hines*, discharged employees brought an action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against their former employer for wrongful discharge and against their union for breach of the duty of fair representation. The Court held that it was improper to dismiss the suit against the employer, for if the employees could prove that the union breached its duty of fair representation, and that they were wrongfully discharged, the employees were entitled to an appropriate remedy

against their employer as well as against the union.

Plaintiff argues, in this action brought under the Railway Labor Act, that in the event breach of the duty of fair representation is shown, and then wrongful discharge, adequate relief cannot be fashioned if National's motion for summary judgment is granted, for National will no longer be before the Court.

In following *Curtis*, however, the Court believes that plaintiff has not properly perceived the posture of the action before this Court. Plaintiff seeks compensatory and punitive damages from the ALEA for breach of a duty of fair representation (Count I) and tortious interference with a contractual relationship (Count V). There is no available administrative remedy under the Railway Labor Act for redress of plaintiff's claims against the ALEA. These claims are thus properly before the federal district court. *Steele v. Louisville & Nashville Railroad Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944).

In addition, plaintiff seeks damages from National, as well as an injunction directing National to clear her employment record and reinstate her (Count III), both for wrongful discharge (Count II) and for breach of contract (Count IV). Plaintiff also seeks invalidation of the System Board award for denial of due process (Count VI). The Railway Labor Act prescribes an administrative process for the settlement of these claims and the standards under which judicial review may be obtained.

Plaintiff properly pursued her grievances in the required manner. At an administrative hearing, her grievances were denied. Plaintiff has no appeal from her administrative hearing. She cannot bring the merits of her grievance before the federal district court on appeal. She can seek, and has sought, judicial review of the administrative process by alleging a denial of due process.

As previously stated, the range for judicial review of arbitration decisions under the Railway Labor Act is, "among the narrowest known to the law." 634 F.2d at 298.

The allegations in the complaint as supported by findings in discovery do not meet the statutorily mandated requirements for judicial review of plaintiff's administrative hearing, nor has she succeeded in establishing a denial of fundamental due process before the Board. This Court therefore lacks the authority to review plaintiff's claims against National in this action.

Were this Court to find that the ALEA had breached its duty of fairly representing plaintiff in her administrative hearing, and, in addition, find that the integrity of the arbitral process had so been undermined that the bar of finality should be removed from the System Board decision, the matter might then be remanded to the System Board for a redetermination of plaintiff's grievances. Both National and the ALEA were properly before the System Board originally. If this matter were to be opened for reconsideration because plaintiff was not fairly represented, both parties could again be brought before the System Board, which is the appropriate forum for the determination of plaintiff's claims.

This Court must, then, disagree with the reasoning expressed in *Curtis*. The standards for review of arbitration proceedings under the Railway Labor Act differ from those under the Labor Management Relations Act. The former are extremely narrow; the latter, somewhat broader. Congress established very narrow limits within which federal courts might review System Board proceedings. Review of the merits of an action brought under the Railway Labor Act is simply not permitted under the facts in this case. The Court does not believe that National has a sufficient due process interest in the finality of the System Board award to mandate the airline's presence before this Court. I believe that I can fashion adequate relief for plaintiff should she prevail in her breach of the duty of fair representation claim, up to and including remand to the System Board for a redetermination of her claim for wrongful discharge. To retain National in this action as an indispensable party is neither necessary for plaintiff's relief, nor is it authorized by law. It is therefore

ORDERED AND ADJUDGED that the motion of the defendant National Airlines, Inc. for summary judgment be, and it is hereby granted.