**Frank E. BARNETT, Plaintiff-Appellant,**

v.

**UNITED AIR LINES, INC., and
Association of Flight Attendants,
Defendants-Appellees.**

**No. 82–1195.**

United States Court of Appeals,
Tenth Circuit.

March 13, 1984.

Larry F. Hobbs and William Bethke of Hobbs, Bethke, & Associates, Denver, Colo., for plaintiff-appellant.

Robert H. Brown, Chicago, Ill., and Richard O. Campbell of Montgomery, Little, Young, Campbell & McGrew, Denver, Colo., for defendant-appellee, United Air Lines, Inc.

Robert S. Savelson of Cohen, Weiss & Simon, New York City, and John A. Criswell of Criswell, Patterson, McNamara, Myles & Bell, Englewood, Colo., for defendant-appellee, Ass'n of Flight Attendants.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff Frank E. Barnett (Barnett) appeals from an order of the district court (1) granting Defendant-Appellee United Airlines, Inc.'s (United) motion to dismiss and (2) granting Defendant-Appellee Association of Flight Attendants' (AFA) motion for summary judgment, on the grounds that Barnett's claims are barred by a Colorado ninety-day statute of limitations. United is an air carrier subject to the provisions of the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* (1976).[1] AFA is a labor organization representing flight attendants, such as Barnett, employed by United. In his amended complaint, Barnett alleges that United breached his contractual right un-

---

1. As noted later in this opinion, however, air carriers are expressly excepted from the application of § 3, 45 U.S.C. § 153. *See* §§ 201 and 202, 45 U.S.C. §§ 181 (Supp. V 1981) and 182 (1976).

der the Collective Bargaining Agreement between United and AFA, and that AFA violated its duty to him of fair representation. Barnett argues that United improperly adjusted his seniority status in violation of the Collective Bargaining Agreement. Further, he claims that AFA "demonstrated bad faith and acted arbitrarily and capriciously by failing to process [his] grievance, by failing to furnish proper representation to [him] at the arbitration hearing, and by failing to advise the arbitrator of their own practice of interpreting the collective bargaining agreement to afford seniority credit for time served in temporary inflight service supervision status." R., Vol. I (Amended Complaint) at 12.

The Collective Bargaining Agreement between United and AFA controls pay rates, rules, and working conditions for United flight attendants. Further, the Agreement established an arbitration board (System Board of Adjustment) pursuant to section 204 of the Railway Labor Act, 45 U.S.C. § 184 (1976). This Board is authorized to render final, binding decisions on grievance disputes between United and its employees.

Barnett filed a grievance pursuant to the Agreement based upon his contention that United improperly adjusted his seniority status. The System Board denied Barnett's grievance in a decision dated September 7, 1978, of which Barnett was first notified by letter dated October 13, 1978, which he received "several days later." R., Vol. I (Amended Complaint) at 12. On October 14, 1980, Barnett filed the present action in federal district court. For relief, Barnett asked the court, *inter alia*, to "vacate the award of the System Board of Adjustment ... and restore the plaintiff to

his proper seniority status." [2] R., Vol. I (Amended Complaint) at 13. The district court dismissed the action based on *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), finding that the applicable statute of limitations was Colo.Rev.Stat. § 13–22–214(2) (Supp.1982), which establishes a ninety-day limitation period for an action brought to vacate an arbitration award.

The issues on appeal are (1) whether the district court erred in applying the ninety-day Colorado statute of limitations and (2) whether Barnett timely filed this action under the applicable statute. We hold that the district court erred in applying the Colorado statute; 45 U.S.C. § 153 First (r) (two years) is the appropriate statute of limitations for this cause. We further hold, however, that Barnett failed to file this action within the requisite two-year limitations period. We will, therefore, affirm the dismissal of this action.

I.

■ Although air carriers are subject to most provisions of the Railway Labor Act,[3] they are expressly excepted from § 3, 45 U.S.C. § 153 (1976) (hereinafter cited as "section 153"). *See* 45 U.S.C. § 181 (Supp. V 1981). Section 153 provides for the establishment of a National Adjustment Board for railroads. Specifically, 45 U.S.C. § 153 First (r) provides for a two-year limitations period for any action at law brought on an award by a division of the adjustment board. In section 204 of the Act, 45 U.S.C. § 184 (1976), Congress authorized the airline industry to establish "local" boards having the same jurisdiction

---

**2.** Because Barnett styled his suit in this manner and because if he were successful, the suit would effectively vacate the Board's award, we will view this as an action to vacate an arbitration award. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 61, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981). In *United Parcel*, the Supreme Court noted that even though a plaintiff seeking review of an arbitration award characterizes an action in a particular manner, i.e., as one for breach of contract, "they overlook the fact that an arbitration award stands between the employee and any relief which may be

awarded against the company." *Id.* at 62–63 n. 4, 101 S.Ct. at 1563–1564 n. 4.

**3.** Air carriers are subject to § 1, 45 U.S.C. § 151 (1976) (definitions); § 2, 45 U.S.C. § 151a (1976) (statement of purposes); §§ 4 and 5, 45 U.S.C. §§ 154 and 155 (1976) (National Mediation Board); and §§ 7, 8 and 9, 45 U.S.C. §§ 157, 158 and 159 (1976) (voluntary arbitration and emergency boards). *See* §§ 201 and 202, 45 U.S.C. §§ 181 (Supp. V 1981) and 182 (1976).

exercised by system, group, or regional boards of adjustment authorized under section 153. In section 205 of the Act, 45 U.S.C. § 185 (1976), Congress authorized the National Mediation Board to establish, when it deems necessary, a National Board of Adjustment for air carriers similar to the railroads' national board. However, no provision is *expressly* made for a limitations period governing actions at law to review *air carrier* board decisions.

The Supreme Court has repeatedly held that when Congress has not expressly provided a statute of limitations governing federal statutory actions, a court must apply the most " 'appropriate state statute of limitations.' " *United Parcel, supra* at 60, 101 S.Ct. at 1562 (quoting *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), and *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966)). The district court adopted the appellees' position that *United Parcel* is dispositive of the issue before us. We disagree. As we will discuss, the uniqueness of the Railway Labor Act prevents the mechanical application of *United Parcel* to the circumstances before us.[4]

In *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977), the Supreme Court noted that a state statute of limitations will not be "mechanically applied" merely because the federal statute fails to expressly provide for a limitations period. The Court emphasized that " '[a]lthough state law is our primary guide in this area, it is not, to be sure, our exclusive guide.' " *Id.* (quoting *Johnson v. Railway Express Agency, supra* 421 U.S. at 465, 95 S.Ct. at 1722). We must not borrow a state limitations period if its application would be inconsistent with federal policy. *Occidental, supra* (citing *Johnson v. Railway Express Agency, supra; Auto Workers v. Hoosier Cardinal Corp., supra* 383 U.S. at 701, 86 S.Ct. at 1111; and *Bd. of County Comm'rs v. United States,* 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939)). However, even when a state statute appears "appropriate," if another relevant federal statute exists that clearly reflects the interests Congress intended to protect under the federal statute in question, we must apply it.[5] *Johnson v. Railway Express Agency, supra* 421 U.S. at 462, 95 S.Ct. at 1721.

With this directive in mind, we hold that the two-year limitations period expressed in section 153 First (r) applies to actions at law brought to review adjustment board decisions made in the airline industry. *See Gordon v. Eastern Airlines, Inc.,* 268 F.Supp. 210, 212–13 (W.D.Va.1967). *But*

---

4. *United Parcel* was an action for wrongful discharge brought by an employee (a car washer) against his employer (United Parcel Service, Inc.) under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1976). The employee's Union filed a grievance on his behalf, which was submitted to arbitration before a joint panel (union and company representatives) pursuant to their collective bargaining agreement. After hearing, the joint panel rendered a binding decision upholding the discharge. The employee subsequently filed an action at law under section 301(a), alleging that the Union had breached its duty of fair representation and that UPS discharged him for reasons other than those stated, in violation of the collective bargaining agreement. *United Parcel, supra* 451 U.S. at 58–59, 101 S.Ct. at 1561–1562.

The Supreme Court held the employee's suit was effectively one to vacate an arbitration award. *Id.* 451 U.S. at 61, 101 S.Ct. at 1563. Further, because Congress had failed to provide an express limitations period for section 301 actions, the "most appropriate one provided by state law" must be applied. *Id.* at 60, 101 S.Ct. at 1562. Thus, the Court held that the New York ninety-day statute of limitations for an action to vacate an arbitration award was proper—it was consistent with the federal labor policy of rapidly disposing of disputes in that sector. *Id.* at 63–64, 101 S.Ct. at 1564–1565.

5. In *United Parcel,* the Court declined to consider an argument raised in an *amicus* brief concerning the application of a relevant federal statute of limitations because it was not raised in the lower courts. The majority opinion in *United Parcel* dealt only with the limited issue of *which* state limitations period should be borrowed, not the propriety of such borrowing. *See United Parcel, supra* at 60 n. 2, 101 S.Ct. at 1562 n. 2. For a detailed discussion of this question as it applies to section 301(a) of the Labor Management Relations Act, see *United Parcel, id.* at 65–71, 101 S.Ct. at 1565–1568 (Stewart, J., concurring).

*see Richey v. Hawaiian Airlines, Inc.,* 533 F.Supp. 310, 313 (M.D.Ga.1982); *Hafer v. Air Line Pilots Ass'n Int'l,* 525 F.Supp. 874, 877 (D.Hawaii 1981), *aff'd,* 698 F.2d 1230 (9th Cir.1983). Although the Railway Labor Act's express purpose of settling disputes in the airline industry in a prompt and orderly manner would be served by applying the Colorado ninety-day statute, the refusal to apply section 153 First (r) would reject the specific policy decision made by Congress after it had viewed the competing interests involved. Congress determined two years as an appropriate period for seeking judicial review of railroad adjustment board awards in light of the national interests in prompt and orderly resolutions, and an employee's interest in setting aside what he feels is an improper award. *Cf. United Parcel, supra* 451 U.S. at 70, 101 S.Ct. at 1567 (Stewart, J., concurring).

After studying the entire Railway Labor Act [6] and its legislative history, it is clear that Congress intended the exception of section 153 from air carriers to be temporary. The "initial omission of § 153 in 1936 was merely to postpone the establishment of a National Air Transport Adjustment Board while the airlines industry grew. It was not intended to provide an interim period of confusion and chaos." *Gordon, supra* at 213. See also *Int'l Ass'n of Machinists v. Central Airlines, Inc.,* 372 U.S. 682, 685–90, 83 S.Ct. 956, 958–61, 10 L.Ed.2d 67 (1963), for a discussion of the history and intent of the Railway Labor Act. Thus, the interests balanced by Congress when it enacted section 153 First (r) are identical to those which would apply to the now firmly-established airline industry. Therefore, by applying section 153 First (r) to actions involving air carriers, we would be assenting to all mandates and concerns: to enforce the intent and purpose of the *entire* Railway Labor Act, to establish the needed uniformity in federal procedural law for similar claims,[7] and to apply a "relevant federal statute" in the absence of a limitations period expressed by Congress. The limitations period expressed in section 153 First (r) clearly "fit[s] hand in glove" with an action brought before an airline adjustment board under the Railway Labor Act. *See United Parcel, supra* 451 U.S. at 64, 101 S.Ct. at 1564.

## II.

■ We must next determine whether Barnett filed for judicial review within the time constraints of section 153 First (r). Section 153 First (r) provides:

All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action *accrues* under the award of the division of the Adjustment Board, and not after. (Emphasis added.)

The dispositive question, therefore, is at what time the cause of action "accrues." Because Barnett's action was filed essentially to review the Board's decision, *see supra* note 2, we hold that his action accrued the date that decision was rendered.[8]

---

**6.** Generally, the intent of the Act is to minimize interruption of the rail and air transportation services of the nation caused by strikes and labor disputes, whether minor or major. *Gordon v. Eastern Airlines, Inc.,* 268 F.Supp. 210, 212 (W.D.Va.1967); 45 U.S.C. § 151a (1976).

**7.** *See United Parcel, supra* 451 U.S. at 70, 101 S.Ct. at 1567 (Stewart, J., concurring) (quoting *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 702, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966)). Because the bulk of the Railway Labor Act pertains to air carriers, to apply different state laws regarding limitations periods to similar actions under the Act would result in "confusion and chaos."

**8.** Barnett contends that the Colorado tolling rules, which apply to this cause, require the word "accrued" to be equated with the "rule of discovery." *Appellant's Opening Brief* at 18–19. Thus, Barnett urges us to hold that his cause accrued when he *received* the letter of the Board's decision—"several days" after October 13, 1980. We disagree. Because we have applied section 153 First (r) to this action, the Colorado tolling and accrual rules are inapplicable. Barnett is asserting rights based on federal law and, thus, we are presented with a federal question. *See Gatlin v. Missouri Pacific R.R. Co.,* 631 F.2d 551, 554 (8th Cir.1980) (citing *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967); *Steele v. Louisville*

*Gatlin v. Missouri Pacific R.R. Co.,* 631 F.2d 551, 554–55 (8th Cir.1980). On September 7, 1978, the Board rendered its decision concerning Barnett, which was *final.* *See* 45 U.S.C. §§ 153 First (m) and 184 (1976). Pursuant to section 153 First (r), Barnett had two years from that date to bring an action at law in federal district court. Because he filed his action for review on October 14, 1980, Barnett's action is untimely and was, thus, properly dismissed by the district court.

In sum, we reverse the district court's finding that the Colorado ninety-day statute of limitations to vacate an arbitration award applies in this case, but we affirm the court's finding that Barnett failed to file timely his action at law.[9]

REVERSED in part and AFFIRMED in part.

*& Nashville R.R. Co.,* 323 U.S. 192, 203–05, 65 S.Ct. 226, 232–33, 89 L.Ed. 173 (1944)).

**9.** In rendering this opinion, we need not address the question whether the district court may review this final and binding decision of the Board. We will note generally, however, that the scope of review by a federal court of a decision by an airline system board of adjustment is extremely narrow. *See, e.g., Hall v.* *Eastern Airlines, Inc.,* 511 F.2d 663, 663–64 (5th Cir.1975) (citing *Gunther v. San Diego & Arizona Eastern Ry. Co.,* 382 U.S. 257, 263, 86 S.Ct. 368, 371, 15 L.Ed.2d 308 (1965)); *Union Pacific R.R. Co. v. Sheehan,* 439 U.S. 89, 93–95, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978), *reh'g denied,* 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98 (1979) (railroad adjustment boards).