Carolyn FRYMIRE, John H. Olson, Jerry Robinett, C. Dean Steppler, Michael E. Lutz, Mark J. Naccerella, Gordon McManus, David R. Berg, Richard C. Goin, Michael C. Shannon, Phyliss Martinez, James Platt, Arthur D. Wood, Jr., Frank Boerner, Diana Madsen, E. Charles Robinson, Fred Ammermann, Sharon Canales, LaJuana Bremer, Donald N. Tow, Donald R. Suit, Shirley L. Knott, Dave Ruby, Mark C. Yarns, Howell E. Shepard, Shirley S. Elliott, Robert B. Wood, James W. McWilliams, Kent G. Karper, Richard Alderman, Tom Carley, Rose Roybal, Kenneth W. Brown, Juanita B. Nichols, Bonnie Staton, Carolyn J. Newland, Robert Wallace, Daniel J. Silva, Jeanette A. Portrey, Jack Evans, Mary Jane Kimmel, Mitsuko Smelker, Judy Hoyle, Art Baca, Sue Harrison, Robert Pucci, Doyle McAlister, Jeanne Gianni, Paul Box, Bobby Vanlandingham, Christopher Jacobsen, Robert Kalkman, Jeffrey Foerster, Douglas Dow, Steven Mohr, Daniel Greenleaf, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

AMPEX CORPORATION, a California corporation, Defendant.

Civ. A. No. 91-S-1858.

United States District Court, D. Colorado.

May 10, 1993.

Barney Iuppa, Iuppa, Simons, & Martin, Colorado Springs, CO, for plaintiffs.

Cecil Hedger, Harding & Ogborn, Denver, CO, for defendant.

ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Defendant's motion to amend answer, filed April 9, 1993. Defendant seeks leave to amend its answer to assert the affirmative defense of tolling of the statute of limitations. Plaintiffs filed their response to the motion on April 26, 1993, to which Defendant filed a reply. The matter is now fully briefed and oral argument would not materially assist the Court in the resolution of this matter.

The complaint in this action alleges a single claim for relief under the Worker Adjustment and Retraining Notification Act [hereafter the WARN Act], 29 U.S.C. § 2101 *et seq.* That statute contains no statute of limitations for filing of claims. The complaint seeks damages for the mass layoff of employees between November 1990 and January 1991. The complaint in this action was filed October 24, 1991, and Defendant filed its answer on November 27, 1991. The Court previously has granted in part and denied in part the Defendant's motion for summary judgment, has certified the class of plaintiffs, and trial in this matter is currently set for May 25, 1992. Defendant seeks to raise, based on newly-developed case law from two United States District Courts, the affirmative defense that the Plaintiffs' WARN Act claims are barred under the applicable statute of limitations, borrowed from § 10(b) of the National Labor Relations Act [NLRA], 29 U.S.C. § 160(b). Defendant also asserts that there is no undue prejudice suffered by the Plaintiffs, and amendment is appropriate. Because of the nature of this motion to amend, the Court will first consider the standard under Fed.R.Civ.P. 15(a), and will then discuss the sufficiency of the legal bases for Defendant's motion to amend.

*A. Propriety of the Motion to Amend*

Rule 15(a) of the Federal Rules of Civil Procedure allows the Court to grant leave to amend when justice so requires. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9

L.Ed.2d 222 (1962). A trial court generally must justify its denial of such a motion. *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230; *Childers v. Independent School District No. 1,* 676 F.2d 1338, 1343 (10th Cir.1982). The grant or denial of leave to amend is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 or 332, 91 S.Ct. 795, 802 or 803, 28 L.Ed.2d 77 (1971). In the absence of any apparent reason to refuse leave to amend, amendment should be granted. One of the reasons which will justify the denial of leave to amend is "futility of the amendment." *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983), citing *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230. The Court is concerned in this motion with the futility of the amendment, that is, whether the Defendant, as a matter of law, can raise the affirmative defense it now seeks to include in its answer.

*B. Whether the Defendant's Assertion of the Statute of Limitations Defense is Legally Sufficient*

▉ In the interests of streamlining the issues raised in the motion to amend, the Court will now rule on the merits of the Defendant's proposed affirmative defense of applying the statute of limitations from § 10(b) of the NLRA to the WARN Act claim. In support of its motion to amend, Defendant cites two recent district court decisions for its argument that it is proper to borrow the six month statute of limitation from § 10(b) of the NLRA in this WARN Act action. The first case, *Newspaper & Mail Deliverers' Union v. United Magazine Co.,* 809 F.Supp. 185 (E.D.N.Y.1992), was an action by a labor union asserting claims under the WARN Act, failure to make payments to the union's welfare and pension funds, and liability for accrued and vested severance pay and other benefits due from the employer (defendant's subsidiary). In that case, the court followed the distinction of statute of limitations borrowing in "labor disputes" as set forth by the Second Circuit in *Phelan v. Local 305,* 973 F.2d 1050, 1058 (2d Cir.1992). 809 F.Supp. at 189–90. The district court reasoned that "[i]n the present case, the claim does not involve an internal union dispute [in which *Phelan,* 973 F.2d at 1060, would mandate a state statute of limitations] but rather a dispute between a union, on behalf of the employees, and the employers, to recover damages for failure to give the required notice [of the plant closing]." 809 F.Supp. at 191. The court apparently based a substantial portion of its holding on the Second Circuit's extension in *Phelan* of *Del Costello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), beyond its particular facts, observing that "[t]he relationship between WARN and the NLRA is strengthened by a review of the WARN regulations." 809 F.Supp. at 191. It held that the WARN Act claim was barred by the six month statute of limitations "since the WARN statute only provides a limited compensatory damage remedy, the equivalent of sixty (60) days salary, this additional factor weighs in favor of the application of the short NLRA six month statute of limitations on this statute." 809 F.Supp. at 192.

The second case cited by Defendant is *Staudt v. Glastron, Inc.,* No. SA–92–CA–1174, 1993 WL 85356, 1993 U.S.Dist. LEXIS 3090 (W.D.Tex. Feb. 23, 1993), which also held that the NLRA statute of limitations provided a closer analogy than that available under state law. This decision cites *Kennedy v. Electricians Pension Plan, I.B.E.W. No. 995,* 954 F.2d 1116, 1120 n. 4 (5th Cir. 1992). The district court adopted the reasoning of the court in *Newspaper & Mail Deliverers,* and noted that Texas law does not provide for a similar notice requirement as that contemplated by the WARN Act.

There exists a third district court decision on this issue of borrowing the § 10(b) NLRA statute of limitations for WARN Act claims, and it concludes that the six month statute of limitations should not apply to WARN Act claims. *Wallace v. Detroit Coke Corp.,* No. 92–CV–72890–DT, 1993 WL 104242, 1993 U.S.Dist. LEXIS 4497 (E.D.Mich. April 8, 1993). The *Wallace* court rejected the defendant's arguments that the federal statute of limitations should apply for the sake of uniformity, and that a WARN Act case is similar in purpose and practice to a hybrid NLRA action (like the one involved in the *Del Costello* case) op. at *8. The district court concluded that, in light of its legislative

history indicating its separateness from labor law (here the *Wallace* decision cites to the legislative history, and in particular to the comments of WARN's sponsor, Senator Metzenbaum, op. at *8), WARN Act rights have no direct relationship to collective bargaining proceedings, and the distinction is borne out by the fact that many WARN Act plaintiffs are not represented by unions. It accordingly held that the § 10(b) limitations period from the NLRA should not be extended to WARN Act claims, as the rationale applied in the (*Del Costello* case) was inapplicable. The court instead ruled that the state statute of limitations regarding breach of (employment) contract was applicable. The Plaintiffs have argued in their response that the applicable statute of limitations is the Colorado statute providing for a two year limitations period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute." Colo.Rev.Stat. § 13–80–102(1)(g) (West 1987). The Plaintiffs claims would be timely brought before this Court if the Court were to conclude that this statute of limitations is applicable. The Court will now turn its attention to Tenth Circuit authorities.

In *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197 (10th Cir.1990), the Tenth Circuit held that an analogous state statute of limitations, as opposed to an ERISA statute of limitations, would be applied to a former employee's claims under ERISA for legal and equitable relief for his alleged discharge to prevent vesting of his pension rights. In *Held*, Judge Brorby explained the proposition that "[w]hen a federal statute fails to prescribe a limitations period, the 'general rule [is] that statutes of limitation are to be borrowed from state law." 912 F.2d at 1200, citing *Reed v. United Transportation Union*, 488 U.S. 319, 324, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989). *Held* also noted the " 'closely circumscribed exception to the general rule' (citing *Reed*, 488 U.S. at 324, 109 S.Ct. at 625 [that a court] declines to borrow the state statute of limitations only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of liti-

gation make that rule a significantly more appropriate vehicle for interstitial lawmaking.'." *Held,* 912 F.2d at 1200, citing *Reed,* 488 U.S. at 324, 109 S.Ct. at 625, and quoting *Del Costello,* 462 U.S. at 172, 103 S.Ct. at 2294–95. The *Held* decision went further in noting that it would decline any opportunity to consider whether adoption of an ERISA limitations period makes more sense than searching for an analogous state statute, but rather that it was bound by its decision in *Trustees of Wyoming Laborers Health and Welfare Plan v. Morgen & Oswood Constr. Co.,* 850 F.2d 613 (10th Cir.1988).

In the *Wyoming Laborers* decision, the Tenth Circuit affirmed the district court's conclusion that in an ERISA action to recover delinquent contributions to employee pension funds, neither the NLRA six month statute of limitations, nor a Wyoming two year statute of limitations based on liability created by a federal statute was applicable. With regard to the NLRA statute of limitations, the Tenth Circuit noted "[t]he Supreme Court's holding in *Del Costello* does not, however, render the six month statute of limitations applicable to all cases alleging conduct that might constitute an unfair labor practice." 850 F.2d at 618. The *Wyoming Laborers* decision noted further that the policy considerations influencing the choice of a relatively brief statute of limitations in labor cases did not apply in the case. 850 F.2d at 619. Concerning the two year Wyoming statute of limitations, the court concluded that that statute of limitations was not necessarily hostile to a federal cause of action by virtue of the amount of time provided for causes of action arising under state law with the amount of time provided for causes of action arising under federal law demonstrated the statute's hostility against a federal cause of action in that case.[1] 850 F.2d at 620. It concluded that the two year Wyoming statute was not applicable.

For the reasons stated above, this Court concludes that the WARN Act is separate in scope and purpose from other aspects of federal labor law, and therefore the assertion that the NLRA's § 10(b) limitations period should apply is rejected. The Court has considered the analogous state statute of lim-

---

1. In the *Wyoming Laborers* case, the plaintiffs' claims would have been untimely if the court had applied the two year Wyoming statute of limitations.

itations, and deems it appropriate in these circumstances to apply the statute of limitations applicable to breach of contract claims (as in the *Wallace* case), found at Colo.Rev. Stat. § 13–80–101(1)(a) (West 1987). Finally, the Court concludes that in light of the federal policies under the WARN Act, there is no frustration or significant interference with federal policies which would result from application of the state statute of limitations, nor is the interest of Congress more clearly reflected in the NLRA. See *Reed v. United Transportation Union,* 488 U.S. at 327, 109 S.Ct. at 627; and *Barnett v. United Air Lines, Inc.,* 729 F.2d 693, 695 (10th Cir.1984). The Plaintiffs' claims are therefore timely, and Defendant may not assert the tolling of the statute of limitations as an affirmative defense in its answer.

Accordingly, because the Court has concluded that Defendant, as a matter of law, cannot raise the six month statute of limitations borrowed from 29 U.S.C. § 160(b) of the NLRA, the motion to amend is **DENIED.**