Steven Scott KILDEA, Yvonne Marie Fielder, Karen S. Heier, Cheryl Zimmerman, Rita Cunningham, Gayla Sue Williamson, Mary Ann Zerod, Shirley Darlene Davis, Sylvia Ann Coomer, Debra Linn Rose, Kathy Kozan, Teresa A. Dixon, Catherine McCaffrey, Frances M. Bashore, Lori L. Luchenbill, Mary Ann Story, Mellanie Bishop, Judith M. Floate, Annette V. Cannon, Pamela A. Greenfield, Lisa L. Daniels, Catherine J. Lab, Mary Jean Baker, Dianna Lynn Drexler, Beatrice McAninch, Melissa Adams, Sandy Bartholomew, Robert Roose, Sherry Conley, Jean Luft, Patty Bixby, Adam Colon, Kathryn Marie Carpenter, Sue Shobe, Sally Marble, Linda Marie Carpenter, Freda Spitler, Sandra Davis, Bonnie Lee Parks, Mickey Marble, Bonita March, Kristine Overmire, Rebecca Jones, Ann Frye, Cathy Baumgardner, Ruth Delaney, Tammy Howell, Cheryl Tejkl, Christopher Hier, Brandie Hier, Ernest Griffin, Edward Flanagan, Plaintiffs,

v.

ELECTRO WIRE PRODUCTS, INC., a Delaware Corporation, Defendant.

Civ. A. No. 90–CV–40126–FL.

United States District Court,
E.D. Michigan, S.D.,
Flint.

Aug. 15, 1991.

Bobay, Kaechele & Wilensky, P.C. by Patrick J. Marutiak, Owosso, Mich., for plaintiffs.

Francis J. Newton, Jr. and Eileen K. Husband, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court are cross motions for partial summary judgment. Defendant's motion is DENIED, and plaintiffs' motion is GRANTED in part and DENIED in part.

This action arises under the Worker Adjustment and Retraining Notification Act ("the Act"), 29 U.S.C. § 2101 et seq. (1988). For our purposes, the Act basically provides that employers of a certain size must give affected employees 60 days' notice of a mass layoff or plant closing.

Plaintiffs consist of two overlapping classes of former employees: those who were allegedly laid off in a mass layoff without notice, and those who were on layoff status at the time notice was given to other employees of the plant closing. Defendant was the owner and operator of an airbag-production plant in Owosso, Michigan from 1971 to 1990.

Plaintiffs' claims will be considered separately.

## PLANT CLOSING

Defendant admits that it is an employer within the meaning of the Act and that a plant closing occurred on April 2, 1990. It is undisputed that on January 31, 1990, defendant gave notice to certain employees of its intent to close the Owosso plant. Notice was given to employees actually working in the plant on January 31, 1990, as well as to employees on sick leave and on worker's compensation leave. Defendant admits it did not give notice of the closing to workers who were laid off prior to January 31, 1990. The plant was closed April 2, 1990. Plaintiffs seek 60 days' back pay and benefits for defendant's alleged violation of the plant closing provision of the act. 29 U.S.C. § 2104(a).

The Act provides that an employer must give all "affected employees" sixty days' notice of a plant closing. An affected employee is one who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing. 29 U.S.C. § 2101(a)(5). "Employment loss" is defined elsewhere in the title as: (1) an employment termination (other than discharge for cause, voluntary departure, or retirement); (2) a layoff exceeding six months; or (3) a reduction in hours of work of more than 50% during each month of any six-month period. The act expressly states that a layoff of greater than six months which was announced at its outset to be a layoff of less than six months is considered an employment loss within the meaning of the Act. 29 U.S.C. § 2102(c).[1]

■ The issue at bar is whether plaintiffs, who were laid off at the time notice of the plant closing was given, were "affected employees" within the meaning of the act and were thereby also entitled to notice of the closing.

Plaintiffs argue that because of the history of frequent layoffs and rehirings at the Owosso plant, all employees who had been laid off prior to January 31, 1990 had the expectation that they would be taken off layoff status, and were therefore entitled to the same notice given to employees working at the plant on January 31st. Although some deposition and affidavit testimony has been attached to plaintiffs' brief, it does not demonstrate a clearly reasonable expectation of an employment loss. On the other hand, despite the affidavits of defendant's managers that they never assured any laid-off employee that they would be rehired and that the layoffs in the fall of 1989 were different from those that

occurred earlier, when rehires were frequent, the affidavits do not demonstrate that plaintiffs did not have a reasonable expectation of rehire. Defendant's affidavits miss the point: it does not matter whether the management knew that the conditions of layoff were different in the fall of 1989 than in earlier layoffs (Bruce Landino at 5); what matters is whether that knowledge was communicated to employees laid off at that time, and whether they either did not have an expectation of rehire or whether their expectation was unreasonable.

The Court therefore finds that a factual issue exists as to the reasonableness of this group of plaintiffs' expectations of recall under the circumstances.[2]

## MASS LAYOFF

As previously noted, the Act provides that an employer with 100 or more employees must give 60-days' notice of a mass layoff to affected employees. A mass layoff is defined as a reduction in force that is not a plant closing, in which at least 33% of the work force, totalling at least 50 employees, is laid off within a 30-day period. Part-time employees are excluded from this calculation. The Act defines a part-time employee as one who is employed fewer than 20 hours per week or who has been employed for fewer than 6 of the 12 months preceding the date on which notice is required.

The parties agree to certain facts. They agree that defendant is an employer within the meaning of the Act. They also agree that the alleged mass layoff would have occurred between December 15, 1989 and

---

**1.** If the extension of the layoff period is caused by business circumstances not reasonably foreseeable at the time of the initial layoff, however, the extended layoff is not considered an employment loss. 29 U.S.C. § 2102(c)(1).

**2.** At trial, the standard for "reasonable expectation of recall" as set forth in *Damron v. Rob Fork Mining Corp.*, 739 F.Supp. 341, 344 (E.D.Ky.1990) may be utilized. In *Damron,* the court adopted the Secretary of Labor's sugges-

tion that any "reasonable expectation" test under WARN should parallel that used by the National Labor Relations Board ("NLRB") in interpreting the same phrase in the National Labor Relations Act. The three criteria used by the NLRB in determining whether a "reasonable expectation of recall" exists are: (1) the past experience of the employer; (2) the employer's future plans; and (3) the circumstances of the layoff, including what the employees were told as to the likelihood of recall. *Id.*

January 15, 1990.[3] The parties agree that the appropriate date by which notice, if required, should have been given was October 15, 1989. The parties have stipulated that on October 15, 1989 there were 148 full-time employees at the plant. The parties have also stipulated that 42 full-time employees were laid off in the relevant 30–day period, and that none of those employees received 60–days' notice.

The issue before the Court on this portion of the summary judgment motions is whether plaintiff can show that at least 50 employees, totalling at least 33% of the work force as of October 15th, were laid off in the relevant thirty-day period. Two determinations are of particular importance as to this issue: (1) whether certain employees are classified as full-time or part-time as of October 15th, and (2) whether employees laid off and then rehired during the relevant thirty-day period are counted as layoffs. Because of the fine line between a violation of the act and no violation, the numbers stipulated to by the parties and the Court's subsequent numerical determinations become crucial to the outcome of the mass layoff issue.

Plaintiffs contend that certain employees were also full-time employees at the relevant times.[4] According to the stipulation, each of those employees worked for defendant for more than six of the twelve months preceding October 15, 1989 and averaged more than twenty hours per week. They are therefore full-time employees within the meaning of the Act. The number of full-time employees as of October 15, 1989 is now therefore 153 employees, and the number laid off during the thirty-day period is 47.

Plaintiffs further argue that six full-time employees who were laid off but rehired during or just after the thirty-day period should be counted as layoffs.[5] The Court is inclined to agree with plaintiff. Comments to the federal regulations suggest that to determine the number of employees laid off, " 'one merely counts up all the employment losses that occur in a 30–day period to determine coverage.' " *Jones v. Kayser–Roth Hosiery, Inc.*, 748 F.Supp. 1292, 1298 (E.D.Tenn.1990), *quoting* Federal Register, Vol. 54, No. 75, April 20, 1989 at p. 16046. Although five of the above-mentioned employees were rehired prior to January 15, 1990, their rehire does not erase the fact that they were part of a large number of employees laid off during the relevant period.

Assuming that the aforementioned six employees were included in the number employed as of October 15, 1989, the new tally is 153 employed on October 15th and 53 laid off during the relevant thirty-day period. By the Court's calculation, then, 34.6% of defendant's work force was laid off between December 15, 1989 and January 15, 1990.[6] Plaintiffs have therefore established a violation of § 2102(a), and plaintiffs' motion for summary judgment on this issue is GRANTED. It remains to

---

**3.** If plaintiffs fail to establish a violation under this section, they plan to proceed under § 2102(d), which provides that:
> ... employment losses for 2 or more groups at a single site of employment, each of which is less than the minimum number of employees specified in section 2101(a) ... (3) of this title but which in the aggregate exceed that minimum number, and which occur within any 90–day period shall be considered to be a.... mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions and causes and are not an attempt by the employer to evade the requirements of this chapter.

The 90–day period claimed by plaintiffs is from January 15, 1990 to March 15, 1990.

**4.** Those employees are Mary Baker, Jean Luft, Ruth Doan, Valerie Colon, and Barbie Gardner, as listed at page three of the parties' stipulated facts.

**5.** These employees are Marsha York, Julia White, Sue Levitski, Catherine Cope, Edna Owens, and Bobbie Kraiger, as listed at page six of the parties' stipulated facts.

**6.** The Court does not consider plaintiffs' remaining arguments regarding the full-time status of other employees because no such determination need be made. Plaintiffs have established that a mass layoff occurred, and part-time employees may be "aggrieved employees" within the meaning of the Act. Particularized determinations of employees' status are only required when deciding whether plaintiffs have established sufficient numbers to find a violation.

be established who the aggrieved employees are and the damages to which they are entitled.

SO ORDERED.

## ON MOTION FOR RECONSIDERATION

Before the Court is defendant's Motion for Reconsideration of this Court's Memorandum Opinion and Order dated August 15, 1991, and plaintiffs' Response. In the section of the August 15th Opinion and Order with which defendant is concerned, the Court granted in part plaintiffs' Motion for Summary Judgment and denied defendant's cross motion. The Court determined that plaintiffs' class suffered a "mass layoff" as defined by the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. § 2101(a)(3).

The Court now finds that there are palpable defects by which the Court and the Parties have been mislead which, after correction and reconsideration, lead to a different disposition of this matter. Therefore, for the reasons stated herein, and pursuant to Local Rule 17(m), defendant's Motion for Reconsideration is GRANTED. As the defect only regards the disposition of the section of the August 15, 1991 Opinion and Order captioned "Mass Layoff," only that section is affected by this Memorandum Opinion and Order.

For the reasons that follow, the affected section of plaintiffs' Motion for Summary Judgment is DENIED in part. The parties are ORDERED to file supplemental briefs regarding whether the ninety day extension period of section 3(d) of the WARN Act should apply, and the parties shall submit a factual record upon which the Court can base a determination of the applicability of that section.

This action arises under the WARN Act, 29 U.S.C. § 2101 *et seq.* For purposes of this motion, the WARN Act basically provides that employers of a certain size must give affected employees sixty days' notice of a mass layoff.

In section 2(a)(3), the WARN Act sets forth three criteria for determining whether a reduction in force is a "mass layoff":

(1) the reduction must result in an "employment loss" at a single site of employment within a thirty day period; and

(2) the employment loss must be experienced by at least 33% of the full-time employees; and

(3) the employment loss must be experienced by at least 50 full-time employees.

*See* 29 U.S.C. § 2101(a)(3). The WARN Act defines "employment loss" as:

"(A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (B) *a layoff exceeding 6 months*, or (C) a reduction in hours of work of more than 50 percent during each month of any 6–month period."

29 U.S.C. § 2101(a)(6) (emphasis added). The WARN Act also defines a part-time employee (to be excluded from the "mass layoff" calculation) as one "who is employed for an average of fewer than 20 hours per week or who has been employed for fewer than 6 of the 12 months preceding the date on which notice is required." 29 U.S.C. § 2101(a)(8).

In the August 15th Opinion and Order, it was held that certain full-time employees laid off during the thirty day period beginning December 15, 1989 and rehired during that same thirty day period were to be counted as among those experiencing an employment loss. These employees, when added to the number of other full-time employees who incurred an employment loss pushed the total figure over the minimum number necessary (50) and the minimum percentage (33%).[1] The Court now reconsiders that determination and the cross motions for summary judgment on that issue.

The parties stipulated to certain facts. The defendant admits that it is an employer within the meaning of the WARN Act. The parties agree that the appropriate date

---

1. As the Court stated in the August 15th Opinion and Order: "[b]ecause of the fine line between a violation of the act and no violation, the numbers stipulated to by the parties and the Court's subsequent numerical determinations become crucial to the outcome of the mass layoff issue."

by which notice, if required, should have been given was October 15, 1989. The parties have stipulated that on October 15, 1989 there were 148 full-time employees at the plant. The parties have also stipulated that 42 full-time employees were laid off in the relevant thirty day period, and that none of those employees received sixty days' notice.

The issue before the Court for reconsideration is whether plaintiff can show that at least 50 employees, totalling at least 33% of the work force as of October 15, 1989, experienced an "employment loss" within the relevant thirty day period. Two determinations are of particular importance as to this issue: (1) whether certain employees are classified as full-time or part-time as of October 15, 1989, and (2) whether employees laid off and then rehired during the relevant thirty day period experienced an "employment loss" as defined in the WARN Act.

The Court was correct in finding that five of the employees laid off during the thirty day period in question, in addition to those counted in the stipulated figures, were full-time employees.[2] According to the stipulation, each of those employees worked for defendant for more than six of the twelve months preceding October 15, 1989 and averaged more than twenty hours per week. That addition brought the number of full-time employees as of October 15, 1989 to 153, and the number laid off during the thirty day period to 47.

Next, the Court determined that six of the full-time employees who were laid off but rehired during or just after the thirty day period should be counted as having experienced an employment loss.[3] The Court determined this based upon comments to the federal regulations which suggest that to determine the number of employees who have incurred a mass layoff " 'one merely counts up all the *employment losses* that occur in a 30–day period to determine coverage.' " *Jones v. Kay-*

*ser–Roth Hosiery, Inc.,* 748 F.Supp. 1292, 1298 (E.D.Tenn.1990), *quoting* Federal Register, vol. 54, no. 75, April 20, 1989 at p. 16046. Because these employees were laid off during the thirty day period, they were counted as included in the number "laid off" during that period. After adding these six employees to the number experiencing an employment loss, it was found that plaintiffs satisfied the requirements of the WARN Act for establishing a violation of section 2102(a). This Court's conclusion, however, was in error as a result of incorrectly including the six employees.

■ In the August 15th Opinion and Order, the Court failed to make the distinction between "employment loss" and "lay-off" for determining whether a "mass layoff" had occurred. Section 2101(a)(3), defining whether a mass layoff has occurred, specifically uses the term "employment loss" and not "lay-off." Under section 2101(a)(6), the WARN Act provides a definition of "employment loss." This definition includes those employees who were laid off in excess of six months. Therefore, those employees who were laid off within the relevant thirty day period and who were recalled to work within less than a six month period did not suffer an "employment loss" as defined by the statute. 29 U.S.C. § 2101(a)(6)(B); *Jones v. Kayser Roth Hosiery, Inc.,* 748 F.Supp. 1276, 1284 (E.D.Tenn.1990). The six employees added to those suffering an employment loss in the August 15th Opinion and Order should not have been counted. Thus, the total number of full-time employees as of October 15, 1989 is 153 and the total number who incurred an employment loss was 47. These numbers leave plaintiffs short of meeting the requirements for establishing a violation of the WARN Act.

Because in the August 15th Opinion and Order the Court found a violation of the WARN Act based on calculations including the six employees, plaintiffs' remaining arguments were not considered. Therefore,

---

**2.** Those employees are Mary Baker, Valerie Colon, Ruth Doan, Barbie Gardner, and Jean Luft, as identified at page three of the parties' stipulation of facts.

**3.** These employees are Marsha York, Julia White, Sue Levitski, Catherine Cope, Edna Owens, and Bobbie Kraiger, as listed at page six of the parties' stipulated facts.

at this time, it must be determined whether any other of the laid-off workers were full-time employees as defined by the Act.

■ As noted, the WARN Act considers workers employed for less than six of the twelve months preceding the date on which notice is required to be "part-time employees." 29 U.S.C. § 2101(a)(8). Plaintiffs argue that several employees who were laid off during the relevant thirty day period were "full-time" employees because they worked *during* six of the twelve months preceding October 15, 1989.[4] None of these nine employees were *employed for* six months during the relevant twelve month period. The WARN Act's definition of "part-time employee" is clear and unambiguous: any employee "who has been employed for fewer than 6 of the 12 months preceding the date on which notice is required." 29 U.S.C. § 2101(a)(8). As the time periods of employment of these nine employees, when added together, do not reach six months, they cannot be considered "full-time" employees, and therefore cannot be considered in calculating whether a mass layoff has occurred.[5] *See Solberg v. Inline Corp.*, 740 F.Supp. 680, 684–85 (D.Minn.1990) (analyzing language of WARN Act, legislative history, and Labor Department regulations). Plaintiffs have failed to establish that a "mass layoff" occurred in the thirty day period beginning on December 15, 1989. It remains to be seen, however, whether plaintiffs can show that a mass layoff occurred using the longer ninety day period of section 2102(d).

■ Plaintiffs raise the argument that, should the Court find that no mass layoff occurred during the relevant thirty day period, they may be able to establish a mass layoff under section 2102(d). Neither plaintiffs nor defendants cite to any case law regarding this section, nor do they point to any relevant employment figures by which this Court might determine the issue. If plaintiffs have the employment figures necessary to make this argument, they must supplement their Motion for Summary Judgment with a brief regarding the relevant ninety day period, any authority on the application of section 2102(d), and providing the factual information by which the Court can dispose of the issue.

For the foregoing reasons, the relevant section of the Court's August 15, 1991 Opinion and Order is VACATED. Plaintiffs' Motion for Summary Judgment regarding the "Mass Layoff" issue is DENIED in part. Judgment on the application of 29 U.S.C. § 2102(d) will be determined after the parties brief the Court on this issue. Plaintiffs have ten days from the date of service of this Opinion and Order to file their supplemental brief. Defendant will have ten days from service of plaintiffs' brief to file a supplemental response.

SO ORDERED.

---

4. The nine employees are: Lisa Daniels, Sandra Davis, Lisa Fisher, Pamela Hazel, Sally Marble, Bonita March, Betty Maurer, Laura Van Etten, and Virgilene Watson, as listed at page three of the parties' stipulation of facts.

5. Dates of employment of the nine employees are contained in Exhibit 2 of plaintiffs' Brief in Support of Motion for Summary Judgment and Attorney's Fees.