Steven Scott **KILDEA**, et al., Plaintiff,

v.

**ELECTRO WIRE PRODUCTS, INC.,** a Delaware Corporation, Defendant.

Civ. A. No. 90–CV–40126–FL.

United States District Court, E.D. Michigan, S.D. at Flint.

May 13, 1992.

---

Patrick J. Marutiak, Neal J. Wilensky, Bobay, Kaechele & Wilensky, P.C., Owosso, Mich., for plaintiff.

Francis J. Newton, Jr., Berry, Moorman, King & Hudson, P.C., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is defendant's Renewed Motion for Summary Judgment, and plaintiffs' response. A hearing on defendant's motion was held on May 11, 1992. The Court notes that defendant's motion was filed long past the expiration of the cut-off date set for the filing of dispositive motions in this case. Although plaintiffs request for the Court to deny defendant's motion on this basis, the Court prefers to rule on the merits.[1] For the following reasons, defendant's Renewed Motion for Summary Judgment is DENIED.

This action arises out of defendant's closing of its Owosso, Michigan manufacturing plant on April 2, 1990. In compliance with the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101,*et seq.,* defendant provided notice of the impending plant closing on January 31, 1990. Notice was provided to all active workers, but none of the plaintiffs received notice. Plaintiffs, former employees of defendant at its Owosso plant, had been laid-off at various times prior to January 31, 1990 and were not recalled before the plant closed on April 2, 1990. None of the plaintiffs had been laid-off for more than six months prior to April 2, 1990. In this action, plaintiffs claim that defendant violated the WARN Act by failing to provide them with notice of the plant closing as required by the Act.

Defendant previously has stipulated that it is an "employer" within the meaning of the WARN Act, and, thus, admits that it must comply with the Act. The sole issue involved in this motion is whether plaintiffs can be considered "affected employees" as that term is defined at 29 U.S.C. § 2101(a)(5), and thus may have been entitled to notice preceding the closing of defendant's Owosso plant.

The WARN Act provides that:

the term "affected employees" means employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer.

29 U.S.C. § 2101(a)(5). The WARN Act further defines "employment loss" as

... (A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (B) a layoff exceeding 6 months, or (C) a reduction in hours of work of more than 50 percent during each month of any 6–month period.

29 U.S.C. § 2101(a)(6). Section 2102(a) of the WARN Act requires an employer to provide notice of a plant closing at least sixty days prior to such closing. Written notice must be given "to each affected employee." 29 U.S.C. § 2102(a)(1).

In this Court's Memorandum Opinion and Order of August 15, 1991, the Court held that "the standard for 'reasonable expectation of recall' as set forth in *Damron v. Rob Fork Mining Corp.,* 739 F.Supp. 341, 344 (E.D.Ky.1990) may be utilized to determine the identity of affected employees." *Kildea v. Electro Wire Products, Inc.,* 775 F.Supp. 1014, 1016 n. 2 (E.D.Mich.1991). The Court explained that:

In *Damron,* the court adopted the Secretary of Labor's suggestion that any "reasonable expectation" test under WARN

---

**1.** This preference is simply a matter of efficient use of time. If defendant is correct, this case would not be tried, as the motion goes to the ultimate merits. There is no way the case should go to trial only to have to rule against plaintiffs on the law, which can be applied prior to trial.

should parallel that used by the National Labor Relations Board ("NLRB") in interpreting the same phrase in the National Labor Relations Act. The three criteria used by the NLRB in determining whether a "reasonable expectation of recall" exists are: (1) the past experience of the employer; (2) the employer's future plans; and (3) the circumstances of the layoff, including what the employees were told as to the likelihood of recall. 775 F.Supp. at 1016 n. 2 (citation omitted).

Subsequently on appeal, the Sixth Circuit affirmed the district court's use of the NLRB's factors to determine whether to consider persons on layoff as employees. *Damron v. Rob Fork Mining Corp.*, 945 F.2d 121, 124 (6th Cir.1991). In addition to the factors noted previously by this Court, the Court of Appeals added (4) the expected length of the layoff, and (5) industry practice. *Id.* The appeals court held that the plaintiffs in *Damron*, on layoff for at least eight years, were not on "temporary lay-off." Thus, such workers could not be considered employees and did not require notice of the plant closing. The court limited its discussion to whether the plaintiffs were employees for the purpose of determining whether the defendant was covered by the Act only because that question was resolved in the negative. The court did not rule either way as to whether laid-off workers who did possess a reasonable expectation of recall would be entitled to notice as "affected employees." The court did, however, recognize that the regulations provide that " '[w]orkers on temporary layoff or on leave who have a reasonable expectation of recall are counted as employees.' " *Id.* at 123, quoting 29 C.F.R. § 639.3(a)(1). If such workers were employees, then logically they could suffer an employment loss. Since such employees have a reasonable expectation of recall, they must be given notice of a plant closing as any other employee.

As defendant asserts, there is no Sixth Circuit or Supreme Court precedent regarding this issue. Therefore, this Court must take counsel from the *Damron* court's tenor and draw from it, if possible, any indication of the Appeals Court's position on the issue in question. The Court concludes that the Sixth Circuit would find that workers on temporary lay-off can and should be considered "affected employees," entitled to notice of an impending plant closing, pursuant to the WARN Act. Defendant's arguments to the contrary are unpersuasive.

Defendant argues that plaintiffs, as laid-off employees, are not to be considered "affected employees" entitled to notice preceding a plant closing. It is defendant's contention that while the definition of "employee" for purposes of determining whether an employer is covered by the act is a broad one, including temporarily laid-off workers, the test for determining which employees are entitled to notice is based upon a more narrow definition of "affected employees." Defendant provides several arguments in support of this contention; none of which sway the Court from its above-stated conclusion.

In determining whether an employer is covered by the WARN Act, "[w]orkers on temporary layoff or on leave who have a reasonable expectation of recall are counted as employees." 20 C.F.R. § 639.3(a)(1). Defendant argues that the inclusion of such laid-off workers does not apply similarly to the determination of which employees are "affected employees" requiring notice. In support of this argument, defendant analyzes the statute and regulations which provide that some workers are included in the coverage determination but are not included among "affected employees." For example, employees in a temporary facility, 29 U.S.C. § 2103(1), and employees involved in a strike or lockout, 29 U.S.C. § 2103(2), are not regarded as "affected employees" to whom notice must be given. These same employees are regarded as employees, however, for purposes of determining whether the employer meets the coverage thresholds specified in 29 U.S.C. §§ 2101(a)(2) and 2102(d). Defendant compares these employees, regarding whom the notice requirement is specifically exempted, with workers on temporary layoff at the time of the plant closing. Defendant states that the regulations make no

reference to workers on lay-off, nor to the reasonable expectation of recall analysis that is used in determining coverage. This assertion, however, is misleading. While the regulations do not specifically mention laid-off workers, they do provide that "[n]otice is required to be given to employees *who may reasonably be expected* to experience an employment loss." 20 C.F.R. § 639.6(b) (emphasis added).

Defendant concludes from its analysis of the regulations that the determination of whether employees are due notice generally includes only those workers who are actively working when a plant closing occurs. Defendant argues that this interpretation is consistent with Congress's intent to limit notice to workers who really need it. That is, to "provide workers and their families some transition time to adjust to the prospective loss of employment." 20 C.F.R. § 639.1. Defendant's argument is flawed in two respects.

First, the fact that the regulations and the statute itself do not mention whether laid-off workers can be "affected employees" does not mean that their classification as such is prohibited. To the contrary, the statute defines an "affected employee" as one "who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing...." 29 U.S.C. § 2101(a)(5). Workers on lay-off status at the time of a plant closing who possess a reasonable expectation of recall would experience an employment loss because their expectation of recall would be dashed and their employment unequivocally terminated at the time of the plant closing. *See* 29 U.S.C. 2101(a)(6). All employees so situated may reasonably be expected to experience an employment loss in such a situation. The statute provides that certain employees who suffer an employment loss are, nevertheless, not entitled to notice. These are employees working in a temporary facility, 29 U.S.C. § 2103(1), and those either on strike or locked out during a labor dispute at the time the plant is closed, 29 U.S.C. § 2103(2). These employees are actively working but are not entitled to notice. That is because they do not have a reasonable expectation of holding onto their employment. Their future depends upon the disposition of the labor dispute, or upon the indefinite period of time their plant stays open. These employees work under conditions where they are aware of their jobs' future instability and can plan accordingly. By specifically exempting workers in these situations, the statute recognizes that any expectation of continued employment of these workers is *per se* unreasonable. This is not true of workers who believe they are on temporary lay-off. The statute does not exempt an employer from giving notice to temporarily laid-off workers. To the contrary, if they hold a reasonable expectation of recall the statute anticipates their entitlement to notice. Thus, the fact that the statute is silent with respect to laid-off employees does not preclude them from notice; rather, it affirms the general provision that the employer must serve notice to "each affected employee." 29 U.S.C. § 2102(a)(1).

Second, defendant does not persuade the Court that Congress's intent is best effectuated by not requiring notice to temporarily laid-off workers. As defendant notes, by including such laid-off workers in determining whether the coverage threshold is met, the regulations bolster the WARN Act's remedial purposes by making the Act applicable to the largest possible number of employers. The intent of Congress is served even further, however, if laid-off employees with a reasonable expectation of recall are given notice along with all active workers. By implication, such laid-off employees still consider themselves to be employed. To the same extent that currently active workers require notice and "some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow [them] to successfully compete in the job market," 20 C.F.R. § 639.1(a), so too do workers on a lay-off that they reasonably believe to be temporary. Thus, defendant's argument regarding Congress's intent is unpersuasive.

Underlying defendant's argument that laid-off employees cannot be included with-

in the definition of "affected employees" is the precept that any definition of "affected employees" broader than that proposed by defendant must be unconstitutionally vague. Defendant portrays its view as the only way constitutionally to provide a standard for the employer to determine which employees are due notice. This, however, overstates the case. The standard recognized by the Court is not unconstitutionally vague. The burden is upon plaintiffs to prove they had a *reasonable* expectation of recall. If plaintiffs carry this burden, then it was foreseeable to the employer that these plaintiffs should have been given notice of the plant closing.

Finally, the Court finds unpersuasive defendant's argument that employees laid-off prior to the aggregation period could not have suffered an "employment loss" within the aggregation period as a result of the plant closing. Workers who have been laid-off but hold a reasonable expectation of recall when a plant closing occurs suffer their employment loss when the plant is closed. These workers are still employees if they have established a reasonable expectation of recall. They have not, therefore, suffered an employment loss until the plant is closed or they are notified that their lay-off has become permanent. Thus, their employment loss has occurred within the aggregation period. This rationale applies equally to employees laid off for more than six months provided that they can establish that they held a legitimate and reasonable expectation of recall up to the time of the plant closing. Such reasonable expectation of recall establishes not only that they are "affected employees," but also that it was foreseeable to the employer that these employees might reasonably be expected to experience an employment loss as a result of the plant closing.[2]

For the foregoing reasons, defendant's Renewed Motion for Summary Judgment is DENIED. This action shall proceed to trial on the remaining issues as scheduled.

SO ORDERED.

---

**2.** The result might be different where the lay-off has continued for more than six months, thus satisfying the definition of "employment loss" provided at 29 U.S.C. § 2101(a)(6)(B). Arguably, such employees would have already suffered an "employment loss" and would be precluded from establishing a reasonable expecta- tion of recall. This should not be a *per se* rule, however. The plaintiffs in such a case should be able to argue that they still possessed a reasonable expectation of recall and were entitled to notice of a plant closing. Nevertheless, this situation is not before the Court in this case.