John HALKIAS, et al., Plaintiffs,

v.

GENERAL DYNAMICS CORPORATION, Defendant.

No. 4:92–CV–860–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 24, 1993.

Arthur John Brender, Law Office of Art Brender, Fort Worth, TX, for plaintiffs.

Paul David Inman, Karl G. Nelson, Gibson Dunn & Crutcher, Dallas, TX, for defendant.

---

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on to be considered in the above-styled and numbered action the motion of defendant, General Dynamics Corporation, ("General Dynamics") for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The court has concluded that the motion should be granted and that the claims of plaintiffs [1] should be dismissed.

## I.

### Plaintiffs' Complaint

On November 24, 1992,[2] plaintiffs filed this action against General Dynamics on behalf of themselves and other similarly situated non-union employees who were laid off, as part of a mass lay-off, by General Dynamics in January and February of 1991[3] seeking recovery under the Worker Adjustment and Retraining Notification Act of 1988 ("WARN"), 29 U.S.C. §§ 2101–2109 (West Supp.1993). Plaintiffs allege that General Dynamics failed to provide plaintiffs with sixty-days' written notice as required by 29 U.S.C. § 2102 prior to the commencement of the mass lay-off at General Dynamics in January and February 1991.

## II.

### Judgment on the Pleadings

■ General Dynamics asserts in the motion that the complaint shows on its face that plaintiff's claims are barred by limitations. A judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is a decision on the merits and is proper when there are no issues of material fact such that the moving party is entitled to judgment as a matter of law. *See J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78 (5th Cir.1962); *Miller v. St. Paul Fire & Marine Ins. Co.*, 480 F.Supp. 32, 33–34 (W.D.Okla.1979). A statute of limitations defense may be raised by a Rule 12(c) motion for judgment on the pleadings. *Blythe*, 310 F.2d at 78.

## III.

### Applicable Statute of Limitations

■ WARN does not contain a statute of limitations. General Dynamics proposes that the court should apply the six-month statute of limitations contained in the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b). Alternatively, General Dynamics contends that, if state law rather than federal law were to be applied, the appropriate statute of limitations would be the six-month statute of limitations provided in Tex.Rev.Civ.Stat.Ann. art. 5155.[4] Plaintiffs contend, on the other hand, that the court should look only to state law and, in so doing, apply the two-year statute of limitations found in Tex. Civ.Prac. & Rem.Code Ann. § 16.003(a) or the four-year residual statute of limitations

1. Plaintiffs include John Halkias, Dawn Lee Bryant, Barry Jackson, Barbara McGrath, Samuel D. Carlson, Charles McCuistion, Richard Wolf, Jonathan S. Grant, Roberta Sanchez, Sheila Adams, Robert Ellison, Mark Bober, and all other members of the class certified in this action in the order signed on May 3, 1993.

2. On December 11, 1992, plaintiffs filed an amended complaint.

3. On May 3, 1993, this court signed an order granting plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23(b)(1)(A) and 23(b)(1)(B). The class is defined as:

   Each person (i) who has been an employee of General Dynamics Corporation, (ii) who, at the time of the termination of his or her employment for General Dynamics Corporation, was not represented by a union, (iii) who, at the time was employed at either the Fort Worth, Texas, plant or the Tulsa, Oklahoma, plant of General Dynamics Corporation, (iv) whose employment was involuntarily terminated between the dates January 7, 1991, and March 1, 1991, and (v) who did not receive written notice of his or her termination of employment at least sixty (60) days prior to such termination.

   Any judgment in this action, therefore, "shall include and describe those whom the court finds to be members of the class." *See* Fed.R.Civ.P. 23(c)(3). Notice sent to each prospective member of the class instructed each individual that he or she would be represented by previously designated counsel for the plaintiffs unless, by June 15, 1993, such class member intervened either personally or through counsel of his or her own choice. There has been no intervention.

4. Article 5155 relates to the payment of wages by employers and the rights of employees in the event of an employers' failure to appropriately provide wages.

provided in Tex.Civ.Prac. & Rem.Code § 16.-051.

■ The general rule is that, when a federal statute fails to provide an explicit statute of limitations, "Congress intended that the courts apply the most closely analogous statute of limitations under state law." *See Kennedy v. Electricians Pension Plan, IBEW No. 995,* 954 F.2d 1116, 1120 (5th Cir.1992), *quoting Del Costello v. Teamsters,* 462 U.S. 151, 159, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). An exception to the general rule is that courts may borrow an applicable federal statute of limitations under certain circumstances. *See Lampf, Pleva, Lipkind, Prupis & Petrigrow v. Gilbertson,* —— U.S. ——, ——, 111 S.Ct. 2773, 2777, 115 L.Ed.2d 321 (1991). In *Lampf,* the Court indicated that federal courts should borrow from federal law, rather than from state law, when (i) federal law clearly provides a closer analogy than any proposed state law and when (ii) the federal policies at issue, for example the labor and employment issues in this action, indicate that the federal rule is more appropriate. *Id.*

There is disagreement among district courts on the issue of whether the six-month statute of limitation provided by the NLRA is applicable to WARN. *See Frymire v. Ampex Corp.,* 821 F.Supp. 651 (D.Colo.1993) (NLRA six-month statute of limitation not applicable to WARN); *Automobile Mechanics' Local No. 701 v. Santa Fe Terminal Serv., Inc.,* No. 92–C–1162, 1993 WL 147340 at *3 (N.D.Ill. May 3, 1993) (NLRA six-month statute of limitation not applicable to WARN); *Wallace v. Detroit Coke Corp.,* 818 F.Supp. 192, 195–96 (E.D.Mich.1993) (NLRA six-month statute of limitation not applicable to WARN); *but see Staudt v. Glastron, Inc.,* No. 92–CA–1174, 1993 WL 85356 at *2 (W.D.Tex. Feb. 23, 1993) (NLRA six-month statute of limitation applicable to WARN); *Newspaper and Mail Deliverers' Union v. United Magazine,* 809 F.Supp. 185, 190–92 (E.D.N.Y.1992) (NLRA six-month statute of limitation applicable to WARN).

The court is persuaded that, in relation to WARN, the NLRA and its six-month statute of limitations provides the most closely analogous state or federal statute.[5] Accordingly, the court is in agreement with *Staudt* and *United Magazine* in concluding that the NLRA's six-month statute of limitations applies to actions asserted under WARN. Specifically, the court concurs with the conclusion that "the federal policy warranting rapid resolution of [labor and employment] disputes favors the NLRA's shorter limitations period; and that a standardized limitations period would promote uniformity in enforcing the WARN act." *See Staudt,* 1993 WL 85356 at *2; *see also United Magazine,* 809 F.Supp. at 190–91. The uniformity consideration is particularly persuasive in this action in light of the fact that the lay-offs implemented in early 1991 by General Dynamics affected employees in Texas, Oklahoma, and Missouri.[6]

■ Plaintiffs argue that a six-month statute of limitations would frustrate the policies behind WARN because 29 U.S.C. § 2101(a)(6)(B) alternatively defines "employment loss" as a lay-off that exceeds six months. This argument fails to focus on the accrual date of plaintiffs' WARN claims. Section 2101(a)(6) defines an "employment loss" in three separate ways:

(A) An employment termination, other than a discharge for cause, voluntary departure, or retirement,

(B) A lay-off exceeding six months, or

---

5. The Fifth Circuit applied the NLRA six-month statute of limitations in an action asserted under the Railway Labor Act ("RLA") as a result of the existence between the NLRA and the RLA of analogous labor and employment issues. *See Trial v. Atchison, Topeka & Santa Fe Ry. Co.,* 896 F.2d 120, 124 (5th Cir.1990).

6. WARN claims related to the layoffs affecting General Dynamics employees in Missouri were litigated in the United District Court for the Eastern District of Missouri in an action styled: "International Association of Machinists and Aerospace Workers, AFL–CIO and Aeronautical Industrial District Lodge 776 v. General Dynamics Corporation," and numbered CA–91–125–C–7. After a trial on the merits, the Honorable Jean C. Hamilton signed a Memorandum and Order on May 24, 1993, in which the court found for General Dynamics on the dispositive issue of whether the events causing the layoffs were reasonably foreseeable. The defense of statute of limitations was not an issue in that action.

(C) A reduction in hours at work of more than fifty percent during each month of any six-month period.

See 29 U.S.C. § 2101(a)(6) (West Supp.1993). In the first amended complaint filed on December 11, 1992, plaintiffs assert both that a "lay-off and employment terminations" were implemented by General Dynamics. In instances of employment terminations, as contemplated by § 2101(a)(6)(A), a WARN cause of action accrues immediately upon termination of the employment. See Santa Fe Terminal, 1993 WL 147340 at *2. When there is a lay-off, as contemplated by § 2101(a)(6)(B), the WARN cause of action does not accrue until after the lay-off has exceeded six months. Id.; see also Kildea v. Electrowire Prod., Inc., 775 F.Supp. 1014, 1019 (E.D.Mich.1991). Thus, a six months limitations period would not be inconsistent with a "lay-off" cause of action. The limitations period as to such a cause of action would not commence until after the employee had been laid off for more than six months.

The plaintiffs in this action must have brought their claims no later than January or February 1992, depending on each plaintiff's date of "employment loss." Whether they experienced an employment termination or a lay-off, plaintiffs failed to timely file their claims by waiting until November 24, 1992, to do so. Their WARN claims, therefore, are time-barred.

Given the court's determination that the NLRA's six-month statute of limitations is applicable to WARN claims, the court does not reach General Dynamics' alternative argument based upon Tex.Rev.Civ.Stat.Ann. art. 5155.

## IV.

### ORDER

The court ORDERS that the motion of General Dynamics for judgment on the pleadings be, and is hereby, granted.

The court further ORDERS that any and all claims asserted against General Dynamics by plaintiffs, including those asserted on behalf of the class defined in the order signed on May 3, 1993, be, and are hereby, dismissed.

### FINAL JUDGMENT

In accordance with the court's memorandum opinion and order of this date,

The court ORDERS, ADJUDGES and DECREES that any and all claims asserted against defendant, General Dynamics Corporation,

(a) by plaintiffs, John Halkias, Dawn Dee Bryant, Barry Jackson, Barbara McGrath, Samuel D. Carlson, Charles McCuistion, Richard Wolf, Jonathan S. Grant, Roberta Sanchez, Sheila Adams, Robert Ellison, and Mark Bober, and

(b) on behalf of the following class of persons:

Each person (i) who has been an employee of General Dynamics Corporation, (ii) who, at the time of the termination of his or her employment for General Dynamics Corporation, was not represented by a union, (iii) who, at the time was employed at either the Fort Worth, Texas, plant or the Tulsa, Oklahoma, plant of General Dynamics Corporation, (iv) whose employment was involuntarily terminated between the dates January 7, 1991, and March 1, 1991, and (v) who did not receive written notice of his or her termination of employment at least sixty (60) days prior to such termination,

be, and are hereby, dismissed.

The court further ORDERS, ADJUDGES and DECREES that defendant, General Dynamics Corporation, shall have and recover costs of court from plaintiffs, jointly and severally.