John HALKIAS, et al., Plaintiffs,

v.

**GENERAL DYNAMICS CORPORATION, Defendant.**

Nos. 4:92–CV–860–A, 4:93–CV–042–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 3, 1995.

Arthur John Brender, Law Office of Art Brender, Fort Worth, TX, for plaintiffs.

Paul David Inman, Karl G Nelson, Gibson Dunn & Crutcher, Dallas, TX, for defendant.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

On June 13, 1995, the United States Court of Appeals for the Fifth Circuit vacated a judgment the court had signed on June 24, 1993, in Case No. 4:92–CV–860–A and the judgment the court signed on June 1, 1993, in Case No. 4:93–CV–042–A and remanded the action to this court for reconsideration in light of the Supreme Court's decision in *North Star Steel Co. v. Thomas* and *Crown Cork & Seal Co., Inc. v. United Steelworkers*

of America, AFL–CIO–CLC, —— U.S. ——, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). *Halkias v. General Dynamics Corp.,* 56 F.3d 27 (5th Cir.1995). Since remand, the two actions have been consolidated under the style and case number set forth in the caption of this memorandum opinion and order.

For the background facts, reference is made to the court's June 24, 1993, memorandum opinion and order in Case No. 4:92–CV–860–A, *Halkias v. General Dynamics Corp.,* 825 F.Supp. 123 (N.D.Tex.1993), and the panel opinion of the Fifth Circuit in a consolidated appeal, *Halkias v. General Dynamics Corp.,* 31 F.3d 224 (5th Cir.1994), by which the panel affirmed all judgments in the consolidated appeal. *Id.* at 241. The Fifth Circuit granted *en banc* rehearing on September 22, 1994, but before an *en banc* decision was reached the Supreme Court handed down its opinion in *North Star Steel Co.*

By its June 24, 1993, memorandum opinion and order, the court granted defendant's motion for judgment on the pleadings, finding that the six-month statute of limitations contained in the National Labor Relations Act, 29 U.S.C. § 160(b), should be applied and that when applied, plaintiff's claims were time-barred. The court did not reach defendant's alternative argument that, if state law rather than federal law were to be applied, the six-month statute of limitations provided in Tex.Rev.Civ.Stat.Ann. art. 5155 should apply. 825 F.Supp. at 126. Now that the action has been remanded for further proceedings in light of *North Star,* the court considers defendant's alternative argument.[1]

In *North Star,* the Supreme Court determined that state law is the proper source of the limitations for civil actions brought to enforce the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §§ 2101–09. —— U.S. at ——, 115 S.Ct. at 1929. The Court instructed that "in seeking the right state rule to apply, courts [should] look to the state statute " 'most closely analogous' " to the federal Act." *Id.,* 115 S.Ct. at

1. By order signed July 16, 1995, the court ordered defendant to inform the court whether it wished to pursue the motion for judgment on this ground. Defendant notified the court that it did want to proceed and requested leave to file a

supplemental memorandum in support of its motion. By order signed July 25, 1995, the court granted defendant's motion and set deadlines for the filing of supplemental materials relative to the motion for judgment.

1930 (citing *Reed v. United Transportation Union,* 488 U.S. 319, 323, 109 S.Ct. 621, 624, 102 L.Ed.2d 665 (1989)). In other words, the court must "characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle." *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985).[2]

WARN requires that certain employers not order a plant closing or mass layoff until the end of a sixty-day period after the employer serves written notice to the affected employees or their representatives. 29 U.S.C. § 2102(a). Under WARN, affected employees are entitled to collect "back pay for each day of violation," *id.* § 2104(a)(1)(A), "up to a maximum of 60 days," *id.* § 2104(a)(1). Back pay is the employee's regular rate of pay plus benefits under an employee benefit plan. *Id.* A person seeking to enforce such liability may sue in any district court in any district in which the violation is alleged to have occurred or in which the employer transacts business. *Id.* § 2104(a)(5). And, in its discretion, the court may allow the prevailing party a reasonable attorney's fee as part of the costs. *Id.* § 2401(a)(6).

■ Defendant urges that the Texas "payment of wages" statute is most closely analogous to WARN and that its six-month statute of limitations should apply. Tex.Rev.Civ. Stat.Ann. art. 5155 (now codified at Texas Labor Code Ann. ch. 61 (Vernon pam. 1995)).[3] Chapter 61 of the Texas Labor Code establishes the manner in which wages are to be paid by persons who employ one or more employees. Essentially, employers are required to pay employees their wages at least twice a month. Tex.Labor Code Ann. § 61.011 (Vernon pam. 1995). Failure to pay wages as required may subject the employer to both criminal and civil penalties. *Id.* § 61.019 & .020. An employee who is not paid wages as prescribed "may file a wage claim with the [Texas Employment Commission or its designee]." *Id.* § 61.051(a). "A wage claim must be filed not later than the 180th day after the date the wages claimed became due for payment." *Id.* § 61.051(c).

The Texas Labor Code does not include any provision for the giving of notice before a plant closing or mass layoff or any layoff at all. Moreover, it does not provide that an affected employee may immediately bring suit to recover wages alleged to be owed. Rather, the employee must first file a claim through the Texas Employment Commission. Only after administrative remedies have been exhausted may an employee bring a suit. *Id.* § 61.062. Thus, the court cannot find that the payment of wages statute is analogous to WARN. Even if the court were to recognize an analogy, the court would not find the "limitation" period of the state statute the "most appropriate limiting principle." *Wilson,* 471 U.S. at 268, 105 S.Ct. at 1942. The 180–day period is for the filing of an administrative claim, not for the bringing of an action, unlike the Pennsylvania state law referred to in *North Star.*

Defendant alternatively urges that the limitations period contemplated by the Texas Workers' Compensation Act is the one the court should adopt as the most analogous. The court has considered and rejected such an analogy. The statutory remedy provided by WARN does not compare to the indemnity for lost wages due to an injury of an employee.

Plaintiffs urge that the court should apply either the two-year statute of limitations for personal injury-type claims or the four-year residual statute of limitations. The court is not persuaded that either statute should apply.

The Texas statute establishing a two-year limitations period provides, in pertinent part:

---

2. Procedural questions are governed by the law of the forum state. *Johansen v. E.I. DuPont De Nemours & Co.,* 810 F.2d 1377, 1380 (5th Cir.), *cert. denied,* 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987). As a general proposition, statutes of limitation are regarded as procedural. *Sun Oil Co. v. Wortman,* 486 U.S. 717, 722–23, 108 S.Ct. 2117, 2121–23, 100 L.Ed.2d 743 (1988); *id.* Hence, the court looks to the laws of

the State of Texas to determine the statute most clearly analogous to WARN.

3. The court will refer to provisions of the Texas Labor Code. The pertinent provisions are not substantially different from the provisions of article 5155.

(a) A person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). Plaintiffs do not attempt to explain how a WARN claim would or could be analogous to a common law tort claim.

The residual statute provides:

Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986). The Supreme Court has determined that such "catchall" statutes must be rejected in situations like this, since it is "unlikely that Congress would have intended such [statutes] of limitations to apply." *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143, 153, 107 S.Ct. 2759, 2765, 97 L.Ed.2d 121 (1987).

■ The court has concluded that the most analogous state limitations period is the four-year limitations period for institution of actions for debt found at Tex.Civ.Prac. & Rem.Code Ann. § 16.004(a)(3) (Vernon 1986). When an employer violates WARN, the employer becomes indebted to the employee for "back pay for each day of violation." 29 U.S.C. § 2104(a)(1)(A). An action for debt in Texas embraces "all liabilities payable in money only when not founded upon a writing, whether based upon a mere personal contract, a specialty debt, or a strictly legislative liability." *Jones v. Canon,* 3 F.Supp. 49, 51 (W.D.Tex.1933). *See Rose v. First State Bank,* 122 Tex. 298, 59 S.W.2d 810, 811 (1933) (suit on liability created by statute is a debt within the meaning of the limitations statute). Therefore, the court holds that the four-year statute of limitations of Tex.Civ. Prac. & Rem.Code Ann. § 16.004 (Vernon 1986) applies.

For the reasons discussed herein,

The court ORDERS that defendant's motion for judgment on the pleadings be, and is hereby, denied.